OPINION
{¶ 1} Marc Brown ("Brown") appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which ordered him to pay child support until his daughter's twenty-second birthday, provided that she remained in school, in accordance with the terms of his divorce decree.
 {¶ 2} Leahanne Brown Jones ("Jones") and Brown were divorced in 1990, and Jones became the residential parent of their two young daughters. The divorce decree incorporated a separation agreement which provided that Brown's obligation to pay child support would continue until each child reached the age of twenty-two provided that she was attending a fully accredited institution of secondary education.
 {¶ 3} In 1997, Brown became the residential parent for his daughter, Erica. As such, he stopped paying child support for Erica, but he continued to pay support for his younger daughter, Katie, pursuant to the divorce decree. In 2000, Brown became Katie's residential parent as well. His obligation to pay child support ceased, and Jones was ordered to pay child support. In 2003, Jones again became the residential parent of Katie, who was almost eighteen and was graduating from high school. Brown was ordered to pay support for Katie until she turned twenty-two, according to the terms of the divorce decree.[1]
 {¶ 4} Brown appeals, raising one assignment of error.
 {¶ 5} "The trial court erred in ordering appellant to pay child support beyond the child's emancipation as set forth under revised code 3109.05 and 3119.01 et. seq."
 {¶ 6} Brown contends that the trial court did not have the authority to reimpose the terms of the divorce decree related to child support following successive changes in custody, including changes that eliminated the need for him to pay child support altogether. He claims that the child support order in the divorce decree terminated when he became the residential parent and that any new order had to comply with R.C. Chapter 3119, which did not permit the court to impose a child support order beyond the age of eighteen under the circumstances presented herein.
 {¶ 7} R.C. 3119.86(A) provides:
 {¶ 8} "(1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances:
 {¶ 9} "(a) The child is mentally or physically disabled and is incapable of supporting or maintaining himself or herself.
 {¶ 10} "(b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution.
 {¶ 11} "(c) The child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday."
 {¶ 12} It is undisputed that neither R.C. 3119.86(A)(1)(a) nor (c) applied.
 {¶ 13} Brown contends that R.C. 3119.86(A)(1)(b) was not applicable because "the current Support Order did not come into existence as a result of a Separation Agreement or a Decree of Divorce or Dissolution. This is a post-decree order establishing support based upon a second change in custody * * *. * * * Given the termination of the original Order the Trial Court lost jurisdiction to resurrect the provisions of the original Decree and Separation Agreement language."
 {¶ 14} We find Brown's argument to be unpersuasive for several reasons. First, the parties' agreed entry modifying parental rights and responsibilities in 1997 stated that Brown's child support obligation was "suspended," rather than terminated, as to their daughter Erica. When custody of Katie was changed in 2000 pursuant to a magistrate's decision and order, the court did not describe the effect on Brown's support obligation as either a suspension or a termination. It simply ordered Jones to pay support for both children. Thus, Brown's characterization that the terms of the original decree were "extinguished" or "terminated" was open to dispute.
 {¶ 15} Second, Brown's emphasis on whether the order had "come into existence" as a result of the separation agreement or decree of divorce does not track the language of the statute, which allows support to continue beyond a child's age of majority if the parents have agreed to such an arrangement. Here, the parties clearly had agreed to extend child support beyond the age of majority at the time of the divorce. Brown contends that subsequent changes in child custody and child support relieved him of all of the obligations in the divorce decree related to these matters that were not expressly carried forward. The language of the statute, however, does not support the narrow interpretation espoused by Brown. Moreover, he has cited no other authority for his position that an interim modification of child support prevented the trial court from concluding that the parents had agreed in the divorce decree to continue child support beyond the age of majority, in accordance with R.C.3119.86(A)(1)(b), and from enforcing such an agreement.
 {¶ 16} The trial court noted that the language of the separation agreement was "clear and unambiguous," and that Brown had agreed to it. The court rejected Brown's argument that the portion of the divorce decree related to the continuation of child support beyond age eighteen should be "considered ineffective and no longer enforceable" because Brown had been the residential parent for a period of time. It stated:
 {¶ 17} "The Child was in the care and custody of [Jones] at the time she turned 18 and continues to make her mother['s] home her primary residence. Had it been the intent of the parties that the obligation to pay support beyond age 18 would be terminated by a subsequent change in parental responsibilities after the Dissolution Decree became final the separation agreement should have so stated. The clear intent of the Parties was that the support obligation would continue if the Child was enrolled as a full time student after high school and residing with her mother."
 {¶ 18} We are aware of no statutory language or case law that compels the conclusion that Brown could not be ordered to comply with the terms of the divorce decree related to the duration of child support due to intervening modifications of parental responsibilities. As such, we cannot conclude that the trial court abused its discretion in finding that Brown was bound by the terms of the divorce decree.
 {¶ 19} The assignment of error is overruled.
 {¶ 20} The judgment of the trial court will be affirmed.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Erica was over eighteen by this time, and the continuation of her child support was not at issue.